**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KAY KIM, )<br>　　　　　　Plaintiff, )<br>v. )<br>)<br>STATE OF INDIANA ATTORNEY )<br>　GENERAL, et al., )<br>)<br>　　　　　　Defendants. ) | No. 1:08-cv-1644-SEB-DML |

**Entry Concerning Selected Matters**

　　　　The court, having considered the above action and the matters which are pending, makes the following rulings:

　　　　1.　　The plaintiff's request that this court order the intervention of the Attorney General in this action was part of her motion filed on December 8, 2008. That request (dkt 5) is **denied.** The reasons for this ruling are that (1) this court cannot require the intervention the plaintiff seeks, (2) the Attorney General has not sought the intervention sought by the plaintiff, and (3) the circumstances described by the plaintiff do not show that there is a factual or legal basis by the intervention the plaintiff seeks.

　　　　2.　　The Indiana State Attorney General ("IAG") is a named defendant in this action. See *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005)(to make someone a party the plaintiff must specify him in the caption and arrange for service of process). The IAG seeks dismissal of the action as to him pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because the complaint in this instance lacks facial plausibility, the IAG's motion to dismiss (dkt 68) is **granted.** In light of this ruling, the plaintiff's petition to take judicial notice-party or parties to be sued (dkt 91) is **denied.**

3. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).

a. In her petition to take judicial notice (dkt 89), the plaintiff seeks to have the court take judicial notice of § 2284(a). That petition is **denied,** because although the court is aware of that statute a statute is not the type of "fact" of which the court takes judicial notice.

b. In her motion/request of three-judge district court trial (resubmission) (dkt 90), the plaintiff disclaims seeking the recusal of the undersigned in her motion for Three-Judge District Court (dkt 67). It is impossible, however, to read that motion without understanding that recusal of the undersigned was precisely what the plaintiff was seeking. That request for recusal was correctly addressed. In any event, in her resubmitted motion/request, the plaintiff asserts that she has the right to a three district judge trial and to have any ruling of the undersigned or any other single judge "be reviewed by the full court at any time before final judgment." This assertion is simply incorrect, as the circumstances for a three judge court are narrow and are specified by the statute. "The provisions of § 2284(a) and § 2284(b)(3) are necessarily interdependent: The constraints imposed by § 2284(b)(3) on a single district judge's authority to act are not triggered unless the action is one that is required, under the terms of § 2284(a), to be heard by a district court of three judges." *Page v. Bartels,* 248 F.3d 175, 185 (3rd Cir. 2001); *see also Tyree v. Massachusetts,* 2008 WL 427293, *4 (D.Mass. 2008)("Section 2284(b) lays out various procedures for the institution and functioning of a three-judge panel. However, the procedures described in that section apply only '[i]n any action required to be heard and determined by a district court of three judges,' 28 U.S.C. § 2284(b), and impose requirements on the judge receiving a request for a three-judge panel 'unless he determines that three judges are not required,' *id.* at § 2284(b)(1). In light of this statutory scheme, this court must first determine whether § 2284(a) applies before it is bound by the procedures outlined in § 2284(b)."). The plaintiff's resubmitted request for a three judge court could only be granted if authorized by law, but no authority for that measure is discernible. Because the plaintiff's resubmitted request for a three judge panel (dkt 90) is without legal basis, therefore, the request for such a panel is **denied.**

c. In a portion of the motion/request just considered (dkt 90), the plaintiff appears to equate a three judge court with a jury trial. That is not the case, and no ruling in this case associated with the plaintiff's effort to invoke 28 U.S.C. § 2284 impacts any party's entitlement to trial by jury in this case.

**IT IS SO ORDERED.**

Date: 06/17/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathy Jo Bradley
OFFICE OF THE INDIANA ATTORNEY GENERAL
kathy.bradley@atg.in.gov

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jamieedgar7@yahoo.com

Nicole R. Kelsey
CITY OF INDIANAPOLIS CORPORATION COUNSEL
nkelsey@indygov.org

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

KAY KIM
4250 Village Parkway
Unit 2
Indianapolis, IN 46254

SUSAN SCLIPCEA
4250 Village Parkway Circle E
Unit 5
Indianapolis, IN 46254

CHARLES RITTER
4250 Village Parkway Cir. E.
Unit 5
Indianapolis, IN 46254