**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KAY KIM, | ) | |
|        Plaintiff, | ) | |
| v. | ) | No. 1:08-cv-1644-SEB-DML |
| | ) | |
| STATE OF INDIANA ATTORNEY | ) | |
|  GENERAL, et al., | ) | |
| | ) | |
|        Defendants. | ) | |

**Entry Discussing Motions to Dismiss**
**of Susan Sclipcea and Charles Ritter**

Susan Sclipcea and Charles Ritter are among the defendants in this action brought by Kay Kim. Each of these defendants seeks dismissal of the claim(s) against them. Their motions to dismiss are brought pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**I.**

Dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1938, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555 & 557). Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Susan Sclipcea.* The plaintiff's claim against Susan Sclipcea is that terms of this defendant's lease include a provision making her, as the lessee, responsible for any damage caused by her family, tenants, guests, etc. The plaintiff suggests that Sclipcea is contractually responsible for the misdeeds of defendant Charles Ritter. This is an indemnification provision between Sclipcea and her landlord, however, and the plaintiff does not allege that she is Sclipcea's landlord or that any civil damages have been assessed against any of Sclipcea's family, tenants, guests, etc., including Charles Ritter. Conduct actually attributable to Sclipcea in the plaintiff's complaint is not actionable. Sclipcea's motion to dismiss (dkt 59) is therefore **granted.**

*Charles Ritter.* Charles Ritter is alleged to be a tenant or resident of the same Indianapolis apartment complex where the plaintiff resides. It is alleged in the complaint that Ritter called 911 because of commotion in the hallway of the apartment complex and spoke with one or more police officers after their arrival on the scene. The plaintiff also alleges that Ritter sent Comcast cable men to her apartment in the past to sell vicodin, a controlled substance. These allegations do not state a claim to relief that is plausible on its face, and conduct attributable to Charles Ritter in the complaint is not actionable. Ritter's motion to dismiss (dkt 61) is therefore **granted.**

## II.

No partial final judgment shall issue at this time as to the claims resolved in Part I of this Entry.

**IT IS SO ORDERED.**

Date: 06/17/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kathy Jo Bradley
kathy.bradley@atg.in.gov

James A. Edgar
jamieedgar7@yahoo.com

Nicole R. Kelsey
nkelsey@indygov.org

Jonathan Lamont Mayes
jmayes@indygov.org

KAY KIM
4250 Village Parkway  Unit 2
Indianapolis, IN 46254

SUSAN SCLIPCEA
4250 Village Parkway Circle E   Unit 5
Indianapolis, IN 46254

CHARLES RITTER
4250 Village Parkway Cir. E.  Unit 5
Indianapolis, IN 46254